LUTHER COWAN v. THE STATE.

No. 3482.    Decided January 31, 1906.

**Burglary—Jury and Jury Law—Irregularities in Empanelment of Jury.**

The usual rule is that irregularities in the formation of a jury can not be inquired into for the first time after the conviction; however, it is not necessary to go into the discussion of that question, as the record does not show that the names of the two jurors which defendant's counsel left upon the list, and of which matter he complained in his motion for new trial, were not erased by State's counsel. As presented there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. F. B. Muse.

Appeal from a conviction of burglary; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for burglary, seven years in the penitentiary being fixed as the punishment. Two questions are raised on the motion for new trial; first, that the evidence is not sufficient. An examination of the evidence we think fully justified the jury in finding the verdict. And second, it is contended that he was injured in the manner of the empanelment of the jury. Affidavit was made by Mr. Pace, who represented appellant under appointment of the court, that the jury list was handed him containing eleven names, one of which was scratched, leaving ten. Thereupon the court instructed the sheriff to summon five talesmen, and these after being summoned were added to the list. This list was then handed over to counsel for examination. That he knew two of the five talesmen personally, Humphreys and Tool, and desired that they should remain on the jury. Having five challenges left he scratched three of the five talesmen, leaving, as he supposed and believed, the names of Humphreys and Tool. This list he then handed to the clerk, and the jury

was called. He paid no further attention to the matter, thinking the clerk would call the proper names. After the trial the matter was brought to his attention, and he inquired for the jury list, but was informed by the clerk that it had been misplaced or lost. When the jury was empaneled the attention of appellant and his counsel was called to the fact that Humphreys and Tool were not empaneled as jurors. Concede that appellant left the names of these two jurors upon the list, it is not shown or intimated that they were not erased by State's counsel. If they were, then they were properly omitted by the clerk. The affidavit does not show that the names were not erased by State's counsel. As presented, it is not necessary to go into a discussion as to whether or not it was the duty of appellant or his counsel to have noticed this irregularity, if there was such, at the time of its occurrence, and not wait until after the conviction was obtained to investigate it. The usual rule is that irregularities in the formation of a jury cannot be inquired into for the first time after the conviction. However, we are not discussing that possible phase of the case. Because no error is shown, the judgment is affirmed.

*Affirmed.*